**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jay Jeffers, Jr., | No. CV-21-01814-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Parties, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Jay Jeffers, Jr.'s Application for Leave to Proceed *In Forma Pauperis* (Doc. 5). Having determined that Plaintiff is unable to pay the Court's fees, the Court grants the Application. However, as set forth below, upon screening Plaintiff's Complaint (Doc. 1, Compl.) pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that Plaintiff fails to state a plausible claim on which this Court may grant relief.

**I.    LEGAL STANDARDS**

    **A.    28 U.S.C. § 1915(e)(2)**

For cases in which a party is permitted to proceed *in forma pauperis*—that is, the party lacks the means to pay court fees—Congress has provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis* proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section

1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

### B. Sufficiency of a Claim

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The Court is to construe a *pro se* plaintiff's complaint "liberally" and afford the plaintiff "the benefit of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). However, even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

### C. Subject Matter Jurisdiction and Pleading in Federal Court

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

## II. ANALYSIS

As a threshold matter, the Court briefly addresses Plaintiff's "Response" (Doc. 6) to the Court's opening of this matter and Notice of Availability of a United States Magistrate Judge (Doc. 2). It is unclear what Plaintiff is attempting to object to in the Response; the Notice simply informs litigants that a Magistrate Judge—who is part of the same Court as the undersigned District Judge—is available for the resolution of issues in this matter, which some litigants choose. It appears Plaintiff does not choose for issues to be adjudicated by a Magistrate Judge in this matter, which is Plaintiff's right. A Response to the Notice was neither required nor requested.

In the Complaint, Plaintiff states that on September 21, 2020, he suffered serious injuries in an automobile accident that required surgery, which was performed by Defendant Dr. Tsinsue (or Tsinsun) Chen. (Compl. at 6.) Plaintiff alleges that, in April 2021, when the employees of Defendant Arizona Health Care Cost Containment System (AHCCCS), Arizona's Medicaid agency, discovered Plaintiff is Black, "they singled [Plaintiff] out, and repeatedly prejudicially refused [his] health care with Dr. Tsinsun Chen[,] completely blocking [Plaintiff] from getting health care for [the injuries to his] neck." (Compl. at 6.) Dr. Chen then agreed to see Plaintiff and ordered imaging of his neck at Simon Med—all of which AHCCCS also agreed to—but AHCCCS never picked Plaintiff up to take him to the imaging appointment on June 16, 2021. (Compl. at 7.) Plaintiff also alleges that Dr. Chen and AHCCCS have refused to release his medical records to him. (Compl. at 7-8.)

Plaintiff claims AHCCCS violated his "right to take care of [his] own health [and] well-being" and "violated [his] rights by cruelly refusing [his] health care with [Dr. Chen]." (Compl. at 8.) Plaintiff also claims Dr. Chen "violated his rights" by "refusing to release [his] requested medical records [or] the names of the AHCCCS people that were violating [his] rights" and by "secretly conspiring with the defendants of AHCCCS." (Compl. at 8.)

The Complaint fails to state a claim because it does not identify any legal basis for Plaintiff's claims. It is not the role of the Court to determine what Plaintiff's claims are or

what law they are based on; rather, Plaintiff's Complaint must identify the legal basis for his claims, that is, the precise Arizona state law or federal law upon which Plaintiff brings his claims to the Court. Without a basis for the claims, the Court cannot assess whether Plaintiff has adequately stated a legal claim.

Moreover, without a basis for the claims, the Court cannot assess whether it has subject matter jurisdiction over this matter. As the Court laid out above, federal courts have only limited jurisdiction. Here, Plaintiff states the Court has "federal question" jurisdiction, but Plaintiff does not inform the Court what federal law provides the authority for his claims.

If a defective complaint can be cured, a plaintiff is entitled to amend the complaint before it is dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1127–30 (9th Cir. 2000). Because it is possible that Plaintiff could amend his Complaint to state a legal claim, the Court will give Plaintiff the opportunity to file an Amended Complaint that cures the defects the Court has identified in this Order. Plaintiff also asks the Court to serve the Complaint on Defendants (Compl. at 10), but the Court will only do so if Plaintiff is able to adequately state a legal claim in the Amended Complaint.

**IT IS THEREFORE ORDERED** granting Plaintiff Jay Jeffers, Jr.'s Application for Leave to Proceed *In Forma Pauperis* (Doc. 5).

**IT IS FURTHER ORDERED** dismissing the Complaint (Doc. 1) with leave to amend.

**IT IS FURTHER ORDERED** that, by January 3, 2022, Plaintiff may file an Amended Complaint. If Plaintiff fails to timely file an Amended Complaint, the Clerk of Court is directed to close this matter without further Order of the Court.

Dated this 2nd day of December, 2021.

Honorable John J. Tuchi
United States District Judge