**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jay Jeffers, Jr.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Unknown Parties, *et al.*,<br><br>　　　　　Defendants. | No. CV-21-01814-PHX-JJT<br><br>**ORDER** |

At issue is *pro se* Plaintiff Jay Jeffers, Jr.'s First Amended Complaint (Doc. 9, FAC). In a prior Order (Doc. 7), the Court dismissed Plaintiff's original Complaint (Doc. 1) for failure to state a claim or the basis of the Court's jurisdiction. Now, upon screening Plaintiff's FAC pursuant to 28 U.S.C. § 1915(e)(2), the Court again finds that Plaintiff fails to state a claim on which this Court may grant relief.

**I.　　LEGAL STANDARDS**

**　　A.　　28 U.S.C. § 1915(e)(2)**

For cases in which a party is permitted to proceed *in forma pauperis*—that is, the party lacks the means to pay court fees—Congress has provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis* proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section

1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

### B. Sufficiency of a Claim

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The Court is to construe a *pro se* plaintiff's complaint "liberally" and afford the plaintiff "the benefit of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). However, even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

## II. ANALYSIS

The Court laid out Plaintiff's factual allegations in the prior Order (Doc. 7) and need not repeat them here. The FAC again fails to state a claim because it does not sufficiently identify a legal basis for Plaintiff's claims or factual allegations to support any claim. Plaintiff now states that Defendants violated his 8th and 14th Amendment rights, but the factual allegations do not plausibly support such claims. First, the 8th Amendment, which may apply to actions of a state through the due process clause of the 14th Amendment, provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. None of Plaintiff's allegations indicate the state has extracted or imposed excessive fees, nor did the state impose an excessive criminal punishment to violate the "cruel and unusual punishments"

clause. Because the Court does not find that Plaintiff could amend the FAC to plausibly state an 8th Amendment claim, the Court dismisses any such claim with prejudice.

Plaintiff also fails to state on what basis he brings a 14th Amendment claim against Defendants. To the extent Plaintiff intends to bring a claim against Defendants as state actors, the Court recognizes that "[a] plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of his 'rights, privileges, or immunities secured by the Constitution and [federal] laws' by a person or entity, including a municipality, acting under color of state law." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (citing *Monell v. Dep't of Social Servs.*, 468 U.S. 658, 690–95 (1978)). But it is not clear from the FAC that Defendants are state actors. Generally, private parties cannot be held liable under § 1983 for violating a plaintiff's constitutional rights unless it is "demonstrate[d] that the private individual acted under color of state law . . . ." *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002). Additionally, "in order for a private individual to be liable for a § 1983 violation when a state actor commits the challenged conduct, the plaintiff must establish that the private individual was the proximate cause of the violations." *Id.* at 445. "Mere negligence or lack of due care by state officials in the conduct of their duties does not trigger the substantive due process protections of the Fourteenth Amendment and therefore does not state a claim under section 1983." *Woodrum v. Woodward Cty., Okl.*, 866 F.2d 1121, 1126 (9th Cir. 1989). And finally, Plaintiff has not adequately pled the underlying constitutional right Defendants violated by way of their conduct, as required to sustain a § 1983 claim.

For these reasons, the Court must dismiss the FAC for failure to state a claim. If a defective complaint can be cured, a plaintiff is entitled to amend the complaint before it is dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1127–30 (9th Cir. 2000). Because it is possible that Plaintiff could amend the FAC to state a legal claim, the Court will give Plaintiff the opportunity to file a Second Amended Complaint if he can cure the defects the Court has identified in this Order.

1  **IT IS FURTHER ORDERED** dismissing the First Amended Complaint (Doc. 9) with leave to amend.

3  **IT IS FURTHER ORDERED** that, by January 31, 2022, Plaintiff may file a Second Amended Complaint if he can cure the defects identified in this Order. If Plaintiff fails to timely file a Second Amended Complaint, the Clerk of Court is directed to close this matter without further Order of the Court.

Dated this 10th day of January, 2022.

Honorable John J. Tuchi
United States District Judge