**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jay Jeffers, Jr., | No. CV-21-01814-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Parties, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Jay Jeffers, Jr.'s Second Amended Complaint (Doc. 16, SAC). Also at issue are two Motions: Plaintiff's Request for a Court Order to Subpoena Three Defendants (Doc. 17), and Plaintiff's Request for Filed Complaint to be Resent Back to Plaintiff (Doc. 18).

In two prior Orders (Docs. 7, 10), the Court dismissed Plaintiff's original Complaint (Doc. 1) and First Amended Complaint (Doc. 9) for failure to state a claim or the basis of the Court's jurisdiction. Now, upon screening Plaintiff's SAC pursuant to 28 U.S.C. § 1915(e)(2), the Court again finds that Plaintiff fails to state a claim on which this Court may grant relief.

**I.    LEGAL STANDARDS**

**A.    28 U.S.C. § 1915(e)(2)**

For cases in which a party is permitted to proceed *in forma pauperis*—that is, the party lacks the means to pay court fees—Congress has provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue"

or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis* proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

### B. Sufficiency of a Claim

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The Court is to construe a *pro se* plaintiff's complaint "liberally" and afford the plaintiff "the benefit of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). However, even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

## II.  ANALYSIS

The Court laid out Plaintiff's factual allegations in a prior Order (Doc. 7) and need not repeat them here. The SAC again fails to state a claim because it does not sufficiently identify a legal basis for Plaintiff's claims or contain factual allegations to support any cognizable claim. In the absence of any identified legal basis, the Court will again assume that Plaintiff attempts to bring a claim under 42 U.S.C. § 1983 against the Arizona Health Care Cost Containment System ("AHCCCS"), the state agency that administers Arizona's Medicaid program. As Plaintiff seems to note himself in the SAC (Doc. 16 at 3), Plaintiff

may not sue AHCCCS for damages, as he attempts to do. It is now well-settled that, "though a § 1983 action may be instituted by public aid recipients . . . , a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief, and may not include a retroactive award which requires the payment of funds from the state treasury." *Edelman v. Jordan*, 415 U.S. 651, 677 (1974) (internal citations omitted); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that neither a state nor its officials acting in their official capacities are "persons" under § 1983, and thus cannot be sued for damages).

To the extent Plaintiff names Dr. Tsinsue Chen and two receptionists as Defendants, no allegations lead to the plausible inference that they are state actors subject to suit under 42 U.S.C. § 1983. The Court pointed this defect out in its two prior Orders. (Docs. 7, 10.) Nor does Plaintiff's claim, to the extent the Court understands it, arise from 42 U.S.C. § 1981 against the individual Defendants. Plaintiff alleges that AHCCCS made the decision to refuse him certain health care coverage. Considering that entity's immunity from suit for monetary damages, it appears that Plaintiff simply tries to bring his AHCCCS complaint against the individual Defendants instead. Among other things, a § 1981 suit requires Plaintiff to allege that discrimination by the individual Defendants was the but-for cause of his alleged injury. *See Comcast Corp. v. Nat'l Ass'n of African-American Owned Media*, 140 S.Ct. 1009 (2020). This Plaintiff cannot plausibly do, because he alleges the discrimination in denying him health care coverage originated with AHCCCS, not the individual Defendants.

In the SAC, Plaintiff cites the case *Jett v. Penner*, 439 F.3d 1091 (9th Cir. 2006), to support his claim, but that case is not applicable here for a number of reasons, including that it concerns a prisoner who brought a § 1983 claim against individual state prison employees under the Eighth Amendment.

If a defective complaint can be cured, a plaintiff is entitled to amend the complaint before it is dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1127–30 (9th Cir. 2000). Considering the allegations in Plaintiff's SAC and the prior complaints, the Court does not

find it is possible that Plaintiff can amend the SAC to state a legal claim. The Court will therefore dismiss this lawsuit.

Plaintiff has also filed two Motions. First, Plaintiff requests that a copy of the First Amended Complaint be mailed to him with the Court stamp. (Doc. 18.) Because the Court is dismissing this action, that request is moot. Second, Plaintiff requests that the Court subpoena the individual Defendants for questioning. (Doc. 17.) That is not how litigation in federal court works. Plaintiff must first file a complaint that states a legal claim, Fed. R. Civ. P. 3, and he has failed to do so in this action. Thus the Court will also deny Plaintiff's request to subpoena the individual Defendants (Doc. 17).

**IT IS THEREFORE ORDERED** dismissing the Second Amended Complaint (Doc. 16) for failure to state a claim, with no leave to amend.

**IT IS FURTHER ORDERED** denying Plaintiff's Request for a Court Order to Subpoena Three Defendants (Doc. 17).

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Request for Filed Complaint to be Resent Back to Plaintiff (Doc. 18).

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this case.

Dated this 22nd day of March, 2022.

Honorable John J. Tuchi
United States District Judge